UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrek Young #198555, ) | C/A No. 5:13-101-TMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| Willie L. Eagleton, Warden of Evans ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Derrek Young ("Petitioner" or "Young") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 22, 23. On May 14, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 24. On July 8, 2013, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 31. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED.

I.    Background

Petitioner is currently incarcerated in the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In July 2005, Petitioner was indicted by a

Spartanburg County Grand Jury for two counts of trafficking in cocaine. App. 137-140.[1] On October 4, 2006, Petitioner entered a guilty plea with a negotiated sentence to two counts of trafficking cocaine before the Honorable J. Derham Cole. ECF No. 23-1 at 17-41. Attorney James Edward Hatcher represented Petitioner, and Solicitor Sarah Charlotte Ganss appeared on behalf of the State. *Id.* at 3. Petitioner was sentenced to 18 years imprisonment on each indictment, with the sentences to run concurrent. *Id.* at 42.

II. Procedural History

Petitioner timely filed and served a Notice of Appeal. Lanelle C. Durant, Esquire, with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. ECF No. 23-2 at 1. In the Final Brief, appellate counsel argued that the trial court erred in considering the two counts of trafficking in powder cocaine that Petitioner pled to during one plea hearing as two strikes. *Id.* at 4. The State filed a Final Brief of Respondent on June 3, 2007 and argued that Petitioner's issue was not available for appellate review. ECF No. 23-3 at 7-12. On June 29, 2003, the South Carolina Court of Appeals filed a Per Curiam unpublished opinion affirming Petitioner's conviction. ECF No. 23-4. The Remittitur was issued on February 27, 2008. ECF No. 23-5.

On August 19, 2008, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 71-75. In his application, Petitioner argued he was entitled to relief on the following grounds:

(a) Ineffective Assistance of Counsel
(b) Involuntary Guilty Plea
(c) Constitutional Violation.

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF No. 23-9 in this habeas matter.

App. 72. In response, the State filed its Return on March 12, 2009, and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel and involuntary guilty plea claims. App. 79. On July 29, 2010, an evidentiary hearing was conducted in Spartanburg County before the Honorable J. Mark Hayes, II. App. 82. At the hearing Petitioner was represented by Scott F. Talley, Esq., while the State was represented by Assistant Attorney General Matthew J. Friedman. *Id.* Petitioner; Petitioner's father, Arthur Brown; and Petitioner's former defense attorney, James Hatcher, testified. App. 86-127. On October 8, 2009, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

The Applicant testified that on July 11, 2005, a confidential informant bought drugs from him. He asserted that on July 18, 2005, police pulled him over on a DUS warrant that turned out to be for another person with the same name. At that time, police found more drugs in Applicant's possession. Applicant asserted that counsel should have investigated the July 18 incident and moved to suppress the evidence taken on July 18. Applicant testified that counsel told him he would get seven (7) years at trial. Applicant asserted that he had a proffer with the solicitor's office with his prior attorney, James Cheek, but he does not know what happened to that proffer.

Plea counsel testified that he discussed the July 11 and July 18 incidents with Applicant. He testified that he found some things about the case distasteful, but he believed the police were acting in good faith when they pulled over Applicant on a DUS charge. Counsel testified that there was a proffer between the solicitor and Applicant's prior attorney, James Cheek, in which Applicant would cooperate in an unsolved murder. Counsel asserted that the solicitor did not honor the proffer. Counsel testified that he did not move to suppress the evidence because pre-trial motions get heard on the day of the trial, and Applicant pled guilty right after jury selection.

Counsel testified that Applicant was facing a mandatory minimum sentence of twenty five (25) years as charged. He asserted that he begged the

3

solicitor for something better, and the solicitor allowed Applicant to plead to second offenses, which carries 7-30 years. The solicitor then allowed Applicant to plead to a negotiated eighteen (18) years. Counsel asserted that Applicant understood what was meant by negotiated sentence.

Applicant's father, Arthur Brown, testified that he was present at the plea hearing and Applicant told him he was pleading to seven (7) years.

### Ineffective Assistance of Counsel/ Involuntary Guilty Plea

The Applicant alleges that he received ineffective assistance of counsel. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e); SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 334 S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry, 386 S.E.2d 624.

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 625. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997).

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243.44, 89 S.Ct. 1709, 1712 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000) (citing Harres v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984). When a defendant pleads guilty on the advice of counsel, the plea may only be attacked through a claim of ineffective assistance of counsel. Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2002) (citations omitted).

4

This Court finds that counsel's testimony was credible while also finding that Applicant's testimony was not credible. This Court finds that counsel is a trial practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on numerous occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Applicant's constitutional rights, Applicant's version of the facts, and possible defenses or lack thereof. The record reflects that the Applicant understood his constitutional rights, the nature of the charges against him, and the possible punishments. He told the court he was satisfied with his attorney, and no one threatened him or promised him anything to get him to plead guilty. He stated that he understood the terms of the negotiated sentence. The Applicant also admitted his guilt at the plea hearing. This Court finds that it was Applicant's decision to plead guilty, and he entered the plea freely, voluntarily, knowingly, and intelligently.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds that Applicant's attorney demonstrated the nominal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness. This Court finds that counsel was prepared for trial and would have raised the proper pre-trial motions if the Applicant had elected to have a jury trial. The Applicant chose to plead guilty to a negotiated sentence, and he received the benefit of that bargain.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

### **All Other Allegations**

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations.

> Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

> **CONCLUSION**

> Based on all the foregoing, this Court finds and concludes the Applicant has not estab1ished any constitutional violations or deprivations before or during his guilty plea and sentencing proceeding. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 130-34. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. Petitioner, represented by Wanda H. Carter of the South Carolina Commission on Indigent Defense, timely filed a Johnson[2] Petition for Writ of Certiorari. ECF No. 23-6. Petitioner presented one issue and argued that "[t]rial counsel erred in failing to fully explain to petitioner the sentencing consequences in the case." *Id.* at 3. On June 21, 2012, the South Carolina Supreme Court denied certiorari. ECF No. 23-7. The Remittitur was issued on July 9, 2012. ECF No. 23-10. Petitioner's habeas Petition was filed on January 9, 2013. ECF No. 1.

   III.   Discussion

       A. Federal Habeas Issues

   Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Trial counsel erred in considering to two counts of trafficking in powder cocaine over 28 grams, when Appellant plead at one time as two strikes.
>
> Supporting facts: The State conducted a string type operation in which they set controlled buys on July 11, 2005 and July 18, 2005, which would be closely connected by point of times.

---

[2] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

6

> GROUND TWO: The trial court gave Petitioner a mis-statement of law when instructing him that his conviction would constitute "two-strikes" and another conviction would result in a life sentence.
>
> Supporting facts: The indictment proves that this was a continuous course of conduct so closely connected by point of time (July, 11 2005 – July, 18 2005) See also (Trial transcript page 22 lines 24-25, pg. 23 lines 1-9).
>
> GROUND THREE: Trial counsel failed to object and/or move for a suppression hearing after the predicate offense (DUS) was dismissed by the court, thereby making the discovery of the drugs "fruit of the poisonous tree."
>
> Supporting facts: The PCR record in which counsel testified that he discovered that the DUS charge had been thrown out see (Appendix p6. 177 lines 1-17)

ECF No. 1 at 5-8.

### B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Standard of Review

        1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court

factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

      2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

      a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>  (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane,* 489 U.S. 288, 297-98 (1989); *Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

        3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental

miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 496-95. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D. Analysis[3]

1. Procedurally Barred Grounds

Respondent contends that Petitioner's Ground One (trial counsel erred when not objecting to Petitioner receiving two strikes when Petitioner pled to the two trafficking counts at the same time) is procedurally barred because this ground was not addressed in the PCR court's order, and Petitioner did not file a Rule 59(e) motion to have this ground addressed by the PCR Court. ECF No. 23 at 15. Respondent also argues that "Petitioner did not make an evidentiary showing in state court substantiating this claim." *Id.* Respondent further contends that Petitioner's Ground Two (trial court mis-advised Petitioner that his conviction would constitute "two-strikes" and another conviction would result in a life sentence) is also procedurally barred because Petitioner failed to make any objection during his guilty plea and sentencing, and

---

[3] In addition to the arguments set forth below, Respondent argues that Petitioner's habeas Petition is barred by the AEDPA statute of limitations. Respondent admits, however, that the Petition is timely if the statute of limitation is calculated based on the date the appeal from the PCR court's order was remitted back to State court. The undersigned finds that the time period for Petitioner to file a federal habeas petition was tolled until the date that the Remittitur was issued. *See* SCACR 221(b); *see also Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. Ct. App. 1994) (sending of the remittitur ends appellate jurisdiction). Accordingly, this Petition is not barred by the AEDPA statute of limitations.

therefore this ground was "procedurally defaulted at [the] trial court level." *Id.* at 17. Respondent alleges that this ground "was dismissed by the S.C. Supreme Court on state law grounds, adequate and independent state law grounds" and therefore this court cannot review Ground Two. *Id.*

Addressing Petitioner's argument that his trial counsel erred in not objecting to him receiving two strikes, the undersigned has reviewed the PCR hearing transcript and the PCR court's Order of Dismissal and finds that Petitioner's claim was not presented to, nor ruled on by, the PCR court. Therefore, this issue is procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Considering Petitioner's argument that the trial court erred when it advised him regarding his two strikes and a potential future life sentence, a review of the evidence before the court shows that Petitioner's trial counsel did not object to Petitioner's guilty plea, and therefore the issue presented in Ground Two was not preserved for appeal and cannot be brought forward now. "[A]n issue may not be raised for the first time on appeal; to preserve an issue for appeal, it must be raised to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court." *Jenkins v. Bodison*, No. 4:09-cv-0267-GRA, 2010 WL 1073983, *1 (D.S.C. Mar. 18, 2010) (citations omitted). Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising Grounds One and Two delineated in his habeas Petition.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result

14

of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488.

Petitioner admits that Grounds One and Two were not "preserved at the PCR hearing," but contends that this failure to preserve was "due in part to the PCR Attorney's failure to raise the issues." ECF No. 31 at 1. Petitioner argues that that holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), "allow[s] a Petitioner to bring issues and expose the ineffectiveness of PCR Attorney's failures in raising issues." *Id.*

In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. 722, 755 (1991). In *Martinez*, the Court recognized a narrow exception to the rule established in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318 (internal citation omitted).

15

Because Petitioner had PCR counsel, Petitioner would need to show that his PCR counsel was ineffective for failing to present claims concerning trial counsel's failure to object to Petitioner receiving two strikes. In his Response to Respondent's summary judgment motion, Petitioner does not offer any argument to establish that his "two strikes" claims, articulated as Grounds One and Two in his habeas Petition, were meritorious.[4] Accordingly, the undersigned finds that Petitioner has not demonstrated that his PCR counsel failed to raise or to develop adequately any ineffective-assistance-of-counsel ground that could be considered "substantial" under *Strickland* standards. Petitioner has, therefore, not shown sufficient cause and prejudice to excuse the default of the above-referenced claim. Additionally, Petitioner has not argued that he is actually innocent of the crimes to which he pled guilty, such "that failure to consider the claims will result in a fundamental miscarriage of justice." *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750)); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999). The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to Grounds One and Two of the habeas Petition.[5]

    2. Merits

Respondent contends that Petitioner's Ground Three (trial counsel's failure to move to suppress the drugs illegally obtained) is without merit and argues that the PCR court's finding that Petitioner did not prove that his trial counsel was ineffective was fully supported by the PCR record. ECF No. 23 at 33.

---

[4] Petitioner states in his Response to Respondent's summary judgment motion that he "would forego issue one and two and submit issue three." ECF No. 31 at 4.

[5] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Grounds One and Two.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

At the PCR hearing, Petitioner testified that his trial counsel was ineffective because he failed to move to suppress drugs that were obtained during an illegal traffic stop. App. 89. Petitioner testified that he was pulled over on July 18 [2005] for driving under suspension and that on July 28th the traffic court "threw [the charge] out cause he said it wasn't even me." *Id.* Petitioner testified that he told his trial counsel that he "beat the driving under suspension ticket, and that the drugs shouldn't be counted against [him] because, . . . [he] had no reason to be pulled over." *Id.* Petitioner contends that his trial counsel never filed a motion to suppress the drugs that were found during the July 18th traffic stop, and this was an error. App. 91.

17

Petitioner's trial counsel, James Hatcher, testified that Petitioner informed him that he was found not guilty of his July 18 driving under suspension charge, but Hatcher testified that he was never able to get Petitioner to understand that he was "never gonna be able to get that arrest found invalid" because the officers acted in good faith when they arrested him. App. 124. Hatcher testified that he did not bring a motion to suppress the July 18th drug evidence because "any pretrial motions actually get heard on the day of trial," and he "never got to that point because [Petitioner] entered a plea." App. 124-25. Hatcher also testified that if he had moved to suppress the drugs that the plea offer would have been rescinded. App. 126.

The PCR court evaluated Petitioner's and his trial counsel's testimony and found trial counsel's testimony was credible and the Petitioner's testimony was not. App. 133. This determination is entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003). "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). In denying Petitioner's ineffective assistance of counsel claim, the PCR court found that trial counsel "adequately conferred with [Petitioner], conducted a proper investigation, and was thoroughly competent in his representation." App. 133.  The PCR court also found that trial counsel's representation did not fall below an objective standard of reasonableness and noted that trial counsel "was prepared for trial and would have raised the proper pre-trial motions if [Petitioner] had elected to have a jury trial." *Id.* The PCR court further found that Petitioner chose to plead guilty and received the benefit of that bargain. App. 134.

The undersigned finds that the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Hill* and *Strickland* and

was not based upon an unreasonable determination of facts in light of the state court record. Nor was the PCR court's decision "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 386 (2000). Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted as to Ground Three.

IV.     Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

September 25, 2013                                                         Kaymani D. West
Florence, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**