IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Derrek Young, #198555, | ) | |
|---|---|---|
| | ) | Civil Action No. 5:13-101-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Willie L. Eagleton, Warden of Evans Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, Derrek Young, is a state prisoner currently serving an eighteen year sentence at the Evans Correctional Institution of the South Carolina Department of Corrections. Proceeding pro se, he has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three grounds for relief based on errors by the trial court and his trial counsel. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred initially to a United States Magistrate Judge. The respondent moved the court for summary judgment in his favor and that motion has been fully briefed by both parties. The matter is now before this court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the respondent's motion for summary judgment. (ECF No. 34.) The Report informed the petitioner of his right to file specific written objections to the Report with this court, but the petitioner has not filed any objections.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). However, in the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based on that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the record in this case, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. Thus, the respondent's motion for summary judgment (ECF No. 22) is GRANTED and the habeas petition is DISMISSED with prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

October 22, 2013
Anderson, South Carolina